UNITED STATES DISTRICT COURT
For the
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTATE OF BRANDON D. GASH, b/n/k HARRY GASH and SHERYL GASH, Parents,<br><br>　　　Plaintiffs,<br><br>v.<br><br>BRADLEY COUNTY, TENNESSEE, GOVERNMENT, QUALITY CORRECTIONAL HEALTH CARE, GABE THOMAS, in his individual and official capacity, And ERIC WATSON, in His individual and Official capacity,<br><br>　　　Defendants. | Civil Action No. 1:19-CV-00112 |

### DEFENDANT'S QUALITY CORRECTIONAL HEALTH CARE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BASED UPON PLAINTIFF'S FAILURE TO 1) PLEAD ADEQUATE FACTS TO SUPPORT ITS SECTIONS 1983, 1985, AND 1986 CLAIMS, 2) SERVE DEFENDANTS WITH PRE-SUIT NOTICE AS REQUIRED BY TENN. CODE ANN. § 29-26-121, AND 3) FILE A CERTIFICATE OF GOOD FAITH AS REQUIRED BY TENN. CODE ANN. § 29-26-122

Defendant Quality Correctional Health Care (hereinafter "QCHC") hereby moves to dismiss Plaintiff Estate of Brandon D. Gash b/n/k Harry Gash and Sheryl Gash, parents (hereinafter "Plaintiff") First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

Plaintiff's First Amended Complaint fails to state a claim due to Plaintiff's failure to set forth sufficient facts to establish claims for violations of 42 U.S.C. § 1983, §1985, §1986 in that Plaintiff failed to demonstrate that QCHC put in place a policy or custom that resulted in a violation of decedent's constitutional rights. As Plaintiff's §1985 and § 1986 rely on its prevailing on the §

1983 claim, in light of the failure to plead sufficient facts to sustain the § 1983 claim, the § 1985 and § 1986 claims must also fail.

Furthermore, Plaintiff failed to comply with the procedural requirements of the Tennessee Healthcare Liability Act. Since Plaintiff fails to establish a constitutional violation and the claims contained in the First Amended Complaint arise in the context of the provision of health care services, or the alleged lack thereof, to Plaintiff, Tenn. Code Ann. § 29-26-121 requires plaintiff to provide pre-suit notice to all health care provider defendants. The failure to comply with this requirement results in dismissal without prejudice. More significantly, Tenn. Code Ann. § 29-26-122 requires Plaintiff to file a certificate of good faith with the complaint and the Estate's failure to do so renders the First Amended Complaint subject to dismissal with prejudice. Thus, all of Plaintiff's claims against Defendants must fail because the claims arise out of the provision of health care services, but Plaintiff failed to comply with the requirements of the Tennessee Health Care Liability Act necessitating dismissal of the claims.

In compliance with this Court's Order, the parties engaged in a telephonic meet and confer regarding this Motion to Dismiss on October 9, 2019. (See Affidavit of Danielle S. Blauvelt).

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

/s/ Danielle S. Blauvelt
**JAMES E. LOOPER, JR. (#25200)**
**DANIELLE S. BLAUVELT (#34951)**
*Pro Hac Vice*
Fifth Third Center
424 Church St., Ste. 2950
Nashville, TN  37219
(615) 313-9911
jlooper@hallboothsmith.com
dblauvelt@hallboothsmith.com

*Attorneys for Quality Correctional Health Care*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been sent via electronic service, on the 9th day of October 2019, to the following:

John M. Wolfe, Jr.
707 Georgia Avenue, Suite 302
Chattanooga, TN 37402
johnmwolfejr@comcast.net

*Attorney for Plaintiff*

                                              /s/ Danielle S. Blauvelt
                                              Danielle S. Blauvelt